## NATIONAL SURETY CORPORATION v. HEINBOKEL et al.

### No. 833.

District Court, M. D. Pennsylvania.

July 11, 1944.

Kelly, Fitzgerald & Kelly, of Scranton, Pa., and Joseph F. Murray, of New York City, for plaintiff.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendants.

WATSON, District Judge.

This case was tried before the Court and a jury. The jury returned a verdict in favor of the defendant, and the plaintiff has filed a motion for a new trial.

The only reason urged by plaintiff in support of the motion is that the Trial Court erred in refusing to admit in evidence on rebuttal documentary evidence which would tend to rebut certain testimony adduced by the defendants.

The action was instituted by the plaintiff as assignee of J. H. Brooks & Company, a partnership engaged in the security business in New York City. The claim was that, in making audits in 1936 and 1939 at the request of Brooks & Company, the defendants negligently permitted an employee, one Storay, of Brooks & Company, who was securities clerk for Brooks & Company, and had charge of the boxes in which securities were kept, to hide thefts by him of stock certificates.

At the time of the 1936 audit it became necessary to remove certain certificates for the day's business. Storay was allowed to remove those certificates, but testified that, while removing those certificates actually needed for delivery on November 2, 1936, the day of the audit, he also removed additional certificates in those stocks and in equal amounts to those which he had previously stolen; that the defendants and he then made a list of those securities then in Storay's possession; that, during the process of checking his list with the defendants, he was able to return to the boxes the securities which he had taken out equal in kind and amount to his shortage and kept only those which were actually needed for delivery; that, when the defendants came to the counting of the total shares, as evidenced by the certificates in the boxes, they thus counted a second time

those securities in which he had caused a shortage and thus the shortage was not discovered; that substantially the same process was followed in 1939.

Storay testified that after the lists had been checked he retained in his possession the securities, and had an opportunity to return them to the boxes. This point was stressed by plaintiff as being in conflict with defendants' testimony that the securities so counted were delivered, not to Storay, but to some one else in the Brooks organization.

It is the plaintiff's contention that whatever evidence would rebut the testimony that the securities had been delivered to somebody other than Storay would be very material. They say, "When the Defendants did not limit their proof to the fact that they did not give Storay any opportunity to replace securities, and that he could not have replaced securities because of their watchfulness, but, in addition, gave testimony that Storay did not have the certificates in his possession so as to permit him to replace any of them it became very essential on rebuttal for the Plaintiff, if it could * * * * to produce evidence to cast doubt upon the Defendants' testimony that Storay did not have the securities in his possession so as to permit him to return any of them to the boxes."

The plaintiff attempted to rebut the defendants' testimony that the securities taken from the boxes were handed over to a person other than Storay by records kept in the regular course of business in the Brooks office showing that the excess securities were not used in the business of the office. The objection to this offer by the defendants was sustained.

It is plaintiff's contention that this documentary proof would not only have cast doubt upon the defendants' testimony but would have been an "absolute" answer to the claim of the defendants that Storay did not have possession of the removed certificates. It is obvious that there would still have remained in the case the question of fact as to whether Storay had returned any certificates to the boxes. The document in question was never marked for identification and is not in the record.

This was plaintiff's ground for a new trial, not a fact which would undoubtedly have changed the verdict by its admission, but one from which the jury might have inferred that the credibility of the defendants was to be doubted, from which inference in turn they might infer that Storay did replace the duplicate stock certificates of those he had stolen in the boxes to be counted by the defendants.

■ The burden of proof was upon the plaintiff in this motion to show that the ruling was erroneous and prejudicial.

The Supreme Court in Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 447, 482, 87 L.Ed. 645, 144 A.L.R. 719, in a situation similar to this held that the error must be clear and prejudicial. In that case, the Supreme Court said: "Since the document was not marked for identification and is not a part of the record, we do not know what its contents are. It is therefore impossible, as stated by the court below, to determine whether the statement contained remarks which might serve to impeach the witness. Accordingly, we cannot say that the ruling was prejudicial even if we assume it was erroneous. Mere 'technical errors' which do not 'affect the substantial rights of the parties' are not sufficient to set aside a jury verdict in an appellate court. 40 Stat. 1181, 28 U.S.C. § 391, 28 U.S.C.A. § 391. He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted."

■ The records which plaintiff desired to have received in evidence were not produced for identification or examined by the Court, nor was any witness put upon the stand to authenticate them. The Court has no way of knowing what was contained in the documents. I felt at the time, and I feel now, that the offer did not rebut the evidence specified in the offer. The exclusion certainly should not have caused any prejudice in plaintiff's case. The testimony in the entire case clearly shows that substantial justice has been done. The verdict should not be set aside.

The motion by the plaintiff for a new trial is denied, and a new trial is refused.